IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LONG MEADOW RANCH PARTNERS, LP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.  5:16-CV-0964 (LEK/ATB) |
| v. | ) |
| | ) |
| DAVID KATLESKI | ) **JURY TRIAL DEMANDED** |
| EMPIRE FARMSTEAD BREWERY, INC., | ) |
| EMPIRE BREWING COMPANY, INC., | ) |
| MANHATTAN BEER DISTRIBUTORS, INC., | ) |
| ONONDAGA BEVERAGE CORPORATION, | ) |
| MCCRAITH BEVERAGES, INC., | ) |
| A J MISSERT INC., | ) |
| CERTO BROTHERS DISTRIBUTING, | ) |
| DECRESCENTE FAMILY LIMITED PARTNERSHIP, | ) |
| WRIGHT WISNER DISTRIBUTING CORP., | ) |
| REGAL WINE IMPORTS, INC. | ) |
| | ) |
| Defendants. | |

## COMPLAINT

Plaintiff LONG MEADOW RANCH PARTNERS, LP ("LMR") hereby initiates this action to protect its valuable federally-protected trademark rights from further infringement by Defendants DAVID KATLESKI, EMPIRE FARMSTEAD BREWERY, INC., EMPIRE BREWING COMPANY, INC., MANHATTAN BEER DISTRIBUTORS, INC., ONONDAGA BEVERAGE CORPORATION, MCCRAITH BEVERAGES, INC., A J MISSERT INC., CERTO BROTHERS DISTRIBUTING, DECRESCENTE FAMILY LIMITED PARTNERSHIP, WRIGHT WISNER DISTRIBUTING CORP., and REGAL WINE IMPORTS, INC.  LMR alleges and avers as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff LMR is a limited partnership organized under the laws of the State of California, with its principal place of business located in St. Helena, California.

2. Upon information and belief, defendant David Katleski is an individual residing in the State of New York.

3. Upon information and belief, defendant Empire Farmstead Brewery, Inc. is a corporation organized under the laws of the State of New York, with its principal place of business located at 1 Nickerson Street, Cazenovia, New York, 13035.

4. Upon information and belief, defendant Empire Brewing Company, Inc. is a corporation organized under the laws of the State of New York, with its principal place of business located at 120 Walton Street, Syracuse, New York, 13202.

5. Upon information and belief, defendant Manhattan Beer Distributors, Inc. is a corporation organized under the laws of the State of New York, with its principal place of business located at 955 East 149 Street, Bronx, New York, 10455.

6. Upon information and belief, defendant Onondaga Beverage Corporation is a corporation organized under the laws of the State of New York, with its principal place of business located at 7655 Edgecomb Drive, Liverpool, New York, 13088.

7. Upon information and belief, defendant McCraith Beverages, Inc. is a corporation organized under the laws of the State of New York, with its principal place of business located at 22 Toggletown Road, Clinton, New York, 13323.

8. Upon information and belief, defendant A J Missert Inc. is a corporation organized under the laws of the State of New York, with its principal place of business located at 1001 Champlain Street, Ogdensburg, New York, 13669.

9.  Upon information and belief, defendant Certo Brothers Distributing is a company organized under the laws of the State of New York, with its principal place of business located at 2500 North America Drive, West Seneca, New York, 14224.

10. Upon information and belief, defendant DeCrescente Family Limited Partnership is a limited partnership organized under the laws of the State of New York, with its principal place of business located at 211 North Main Street, Mechanicville, New York, 12118.

11. Upon information and belief, defendant Wright Wisner Distributing Corp. is a company organized under the laws of the State of New York, with its principal place of business located at 3165 Brighton Henrietta Townline Road, Rochester, New York, 14623.

12. Upon information and belief, defendant Regal Wine Imports, Inc. is a corporation organized under the laws of the State of New Jersey, with its principal place of business located at 2 Commerce Drive, Suite 3, Moorestown, New Jersey, 08057.

13. This is a civil action for trademark infringement in violation of 15 U.S.C. § 1114 and unfair competition in violation of 15 U.S.C. § 1125(a). This is also an action for trademark infringement and unfair competition under the laws of the State of New York.

14. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) as these claims form part of the same case or controversy under Article III of the United States Constitution.

15. Upon information and belief, this Court has personal jurisdiction over Defendants because Defendants are residents of the State of New York, Defendants sell and distribute goods within the State of New York, Defendants purchase goods within the State of New York, Defendants render services within the State of New York, and/or Defendants have engaged in tortious acts within the State of New York. Venue is proper in this District pursuant to 28 U.S.C.

§ 1391(b) because a substantial part of the events giving rise to the claims below occurred in this District.

## II. LMR'S VALUABLE AND ENFORCEABLE TRADEMARKS

16. LMR is a world-renowned, family-owned wine producer and restaurateur based in Napa Valley, California. LMR operates the "Long Meadow Ranch," an estate that attracts visitors from across the United States and beyond who come to experience world-class cuisine and unrivaled wines made by one of Napa Valley's most iconic wineries. Every year, approximately 200,000 guests visit Long Meadow Ranch to enjoy its many offerings.

17. One of LMR's most important and well-known brands it is "FARMSTEAD" brand.

18. LMR has used the mark FARMSTEAD since February 2010 in connection with its FARMSTEAD restaurant, which is located in St. Helena, California.

19. The FARMSTEAD restaurant has attracted visitors from throughout the world and has garnered wide-spread attention and acclaim. For example, as shown in **Exhibit 1**, the FARMSTEAD restaurant was featured in *Food & Wine* magazine in August 2010. The FARMSTEAD restaurant has also been featured in other national publications, such as *Zagat* (see **Exhibit 2**) and the *San Francisco Chronicle* (see **Exhibit 3**).

20. The FARMSTEAD restaurant has received thousands of online reviews from customers throughout the United States. For example, the restaurant has received over 1,700 reviews on Yelp and has a 4.5 star rating (see **Exhibit 4**). On Trip Advisor, the FARMSTEAD restaurant has been reviewed by over 1,300 people and also has a 4.5 star rating (see **Exhibit 5**).

21. LMR's FARMSTEAD restaurant has been visited by many New York residents and is well known in that state. **Exhibit 6** contains screen shots of numerous reviews submitted to Yelp and Trip Advisor by individuals identifying their state of residence as New York.

4

22. In addition to its popular FARMSTEAD restaurant, LMR has also continuously sold wine under the FARMSTEAD mark since 2012. The wine is sold at LMR's winery, LMR's FARMSTEAD restaurant, LMR's General Store, through LMR's website (http://www.longmeadowranch.com/Shop/Wine/Farmstead), through the well-known online wine vendor, wine.com, and through an extensive network of distributors located across the United States, including in New York.

23. FARMSTEAD wine is sold on a daily basis in the State of New York through LMR's distributors in retail establishments, restaurants, and bars. As shown in **Exhibit 7**, New York residents can also purchase FARMSTEAD-branded wine through LMR's website.

24. LMR engages in extensive promotional efforts of its FARMSTEAD brand. For example, LMR promotes its FARMSTEAD wines and restaurant in its monthly international electronic newsletter, which is distributed to approximately 25,000 individuals, a substantial number of whom are located in New York. LMR maintains active pages on both Facebook.com and Twitter.com. The FARMSTEAD brand is actively promoted through those online channels. On Facebook alone over 50,000 people have "liked" the LMR Facebook page.

25. LMR owns federal trademark registrations for the FARMSTEAD mark for both "Wine" (Reg. No. 4,235,379) and "Restaurant services" (Reg. No. 4,975,899). LMR also owns other federal trademark registrations containing the term FARMSTEAD, including FARMSTEAD SHACK for "Take-out restaurant services" (Reg. No. 4,700,780) and FARMSTEAD GRILL for "Restaurant services, including sit-down service of food and take-out restaurant services" (Reg. No. 4,637,999).

26. When used with alcoholic beverages or restaurant services, the FARMSTEAD trademark is strongly associated with LMR.

5

## III. INTENTIONAL AND WILLFUL INFRINGEMENT BY EMPIRE

27. According to an affidavit he filed with the U.S. Patent and Trademark Office ("PTO") on May 17, 2016, Defendant David Katleski is the sole owner and has sole control over Defendants Empire Farmstead Brewery, Inc. and Empire Brewing Company, Inc., he "personally control[s] both entities and their use of the trademark[] . . . EMPIRE FARMSTEAD BREWERY," and "there is a unity of control between the two entities." A true and correct copy of the affidavit is attached hereto as **Exhibit 8**.

28. Upon information and belief, Defendants David Katleski, Empire Farmstead Brewery, Inc., and Empire Brewing Company, Inc. (collectively, "Empire"), operate breweries and restaurants in New York and sell beer in the region.

29. Empire Farmstead Brewery, Inc. filed an intent-to-use application for the EMPIRE FARMSTEAD BREWERY trademark with the PTO on July 27, 2015, for "Beer" and "Bar and restaurant services" (Ser. No. 86/705,369).

30. LMR sent a letter to Empire on October 7, 2015, asserting its rights in the FARMSTEAD mark and demanding that Empire Farmstead Brewery, Inc. abandon its application for the EMPIRE FARMSTEAD BREWERY mark and Empire cease all use of LMR's FARMSTEAD trademark. A true and correct copy of that letter is attached hereto as **Exhibit 9**.

31. LMR sent another letter to Empire on May 4, 2016, reiterating its rights and demands. A true and correct copy of that letter is attached hereto as **Exhibit 10**.

32. Despite these repeated warnings, Empire Farmstead Brewery, Inc. has not abandoned its application for the EMPIRE FARMSTEAD BREWERY mark and Empire has not agreed to cease use of the term FARMSTEAD.

33. Upon information and belief, Empire is currently selling beer under the EMPIRE FARMSTEAD BREWERY trademark. **Exhibit 11** contains a printout from Empire's website showing the beer currently on tap at the EMPIRE FARMSTEAD BREWERY location. The following image was posted by Empire on its @empirebrew Instagram account on July 10, 2016, and shows beer being served at the EMPIRE FARMSTEAD BREWERY location.



The following photographs were taken in New York City on July 21, 2016, and show a bottle label and six-pack case for Empire beer bearing the EMPIRE FARMSTEAD BREWERY mark.

 

7

34.     Upon information and belief, Empire is currently operating a restaurant under the EMPIRE FARMSTEAD BREWERY trademark in Cazenovia, New York.  **Exhibit 12** contains a printout of Empire's website showing the landing page for the EMPIRE FARMSTEAD BREWERY location and a printout of the menu linked on the landing page.  The following image was posted by Empire on its @empirebrew Instagram account on July 7, 2016, and shows food being served at the EMPIRE FARMSTEAD BREWERY location.



35.     Empire is not licensed by LMR to sell products or render services under the FARMSTEAD mark.

36.     The mark EMPIRE FARMSTEAD BREWERY incorporates the whole of LMR's FARMSTEAD mark and is confusingly similar to LMR's FARMSTEAD mark.

37.     The goods and services offered under the EMPIRE FARMSTEAD BREWERY mark are identical or closely related to those offered under LMR's FARMSTEAD mark.  Both Empire and LMR provide restaurant services under their respective marks.  Empire offers beer

8

under its EMPIRE FARMSTEAD BREWERY mark and LMR offers wine under its FARMSTEAD mark.

38. The PTO issued an office action for the EMPIRE FARMSTEAD BREWERY mark on June 28, 2016, (attached as **Exhibit 13**) denying registration of Empire's mark because it is confusingly similar to LMR's federal registration for the FARMSTEAD mark (Reg. No. 4,235,379).

39. Upon information and belief, Defendant David Katleski personally participated in choosing and exploiting the mark EMPIRE FARMSTEAD BREWERY.

40. Empire's activities have caused and will continue to cause irreparable harm to LMR and to the substantial goodwill embodied in the FARMSTEAD mark, and said acts will continue unless restrained by this Court.

41. LMR has no adequate remedy at law and has suffered and will continue to suffer damage as a result of Empire's use of the FARMSTEAD trademark.

### III. INFRINGEMENT BY DISTRIBUTOR DEFENDANTS

42. Upon information and belief, Defendants Manhattan Beer Distributors, Inc., Onondaga Beverage Corporation, McCraith Beverages, Inc., A J Missert Inc., Certo Brothers Distributing, DeCrescente Family Limited Partnership, Wright Wisner Distributing Corp., and Regal Wine Imports, Inc. (collectively, "Distributor Defendants") distribute Empire's beer, including beer bearing the EMPIRE FARMSTEAD BREWERY mark.

43. Upon information and belief, Manhattan Beer Distributors, Inc. is actively engaged in selling and promoting Empire beer bearing the EMPIRE FARMSTEAD BREWERY mark. Upon information and belief, Manhattan Beer Distributors, Inc. sells the infringing products directly to retail establishments and consumers.

44. Upon information and belief, Onondaga Beverage Corporation is actively engaged in selling and promoting Empire beer bearing the EMPIRE FARMSTEAD BREWERY mark. Upon information and belief, Onondaga Beverage Corporation sells the infringing products directly to retail establishments and consumers.

45. Upon information and belief, McCraith Beverages, Inc. is actively engaged in selling and promoting Empire beer bearing the EMPIRE FARMSTEAD BREWERY mark. Upon information and belief, McCraith Beverages, Inc. sells the infringing products directly to retail establishments and consumers.

46. Upon information and belief, A J Missert Inc. is actively engaged in selling and promoting Empire beer bearing the EMPIRE FARMSTEAD BREWERY mark. Upon information and belief, A J Missert Inc. sells the infringing products directly to retail establishments and consumers.

47. Upon information and belief, Certo Brothers Distributing is actively engaged in selling and promoting Empire beer bearing the EMPIRE FARMSTEAD BREWERY mark. Upon information and belief, Certo Brothers Distributing sells the infringing products directly to retail establishments and consumers.

48. Upon information and belief, DeCrescente Family Limited Partnership is actively engaged in selling and promoting Empire beer bearing the EMPIRE FARMSTEAD BREWERY mark. Upon information and belief, DeCrescente Family Limited Partnership sells the infringing products directly to retail establishments and consumers.

49. Upon information and belief, Wright Wisner Distributing Corp. is actively engaged in selling and promoting Empire beer bearing the EMPIRE FARMSTEAD BREWERY mark. Upon information and belief, Wright Wisner Distributing Corp. sells the infringing products directly to retail establishments and consumers.

50. Upon information and belief, Regal Wine Imports, Inc. is actively engaged in selling and promoting Empire beer bearing the EMPIRE FARMSTEAD BREWERY mark. Upon information and belief, Regal Wine Imports, Inc. sells the infringing products directly to retail establishments and consumers.

51. Distributor Defendants are not licensed by LMR to use, sell, or distribute products bearing LMR's FARMSTEAD mark.

52. Distributor Defendants are infringing LMR's trademark rights by distributing beer bearing LMR's FARMSTEAD mark.

53. Distributor Defendants' activities have caused and will continue to cause irreparable harm to LMR and to the substantial goodwill embodied in the FARMSTEAD mark, and said acts will continue unless restrained by this Court.

54. LMR has no adequate remedy at law and has suffered and will continue to suffer damage as a result of Distributor Defendants' use of the FARMSTEAD trademark.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT - BEER

55. LMR repeats and re-alleges each and every allegation set forth in paragraphs 1 through 54 as though fully set forth herein.

56. Empire has adopted and used in U.S. commerce "EMPIRE FARMSTEAD BREWERY" to promote its beer, bar, and restaurant services. Empire's use of the EMPIRE FARMSTEAD BREWERY mark is likely to cause confusion, deception, or mistake in the marketplace because consumers are likely to believe there is a connection, affiliation, or sponsorship between LMR and Empire.

57. Upon information and belief, Distributor Defendants have promoted, offered for sale, and distributed products bearing Empire's EMPIRE FARMSTEAD BREWERY mark. Distributor Defendant's actions are likely to cause confusion, deception, or mistake in the marketplace because consumers are likely to believe there is a connection, affiliation, or sponsorship between LMR, Distributor Defendants, and Empire.

58. Defendants' activities related to beer complained of herein constitute infringement of LMR's trademarks in violation of 15 U.S.C. § 1114(a) to the injury and detriment of LMR.

59. Defendants' unlawful conduct is willful.

60. As a direct and proximate result of Defendants' infringement, LMR has suffered and will continue to suffer loss of income, profits, and good will and Defendants will continue to unfairly acquire income, profits, and good will.

## COUNT II

## FEDERAL TRADEMARK INFRINGEMENT – RESTAURANT SERVICES

61. LMR repeats and re-alleges each and every allegation set forth in paragraphs 1 through 54 as though fully set forth herein.

62. Empire has adopted and used in U.S. commerce "EMPIRE FARMSTEAD BREWERY" to promote its beer, bar, and restaurant services. Empire's use of the EMPIRE FARMSTEAD BREWERY mark is likely to cause confusion, deception, or mistake in the marketplace because consumers are likely to believe there is a connection, affiliation, or sponsorship between LMR and Empire.

63. Empire's activities related to restaurant services complained of herein constitute infringement of LMR's trademarks in violation of 15 U.S.C. § 1114 to the injury and detriment of LMR.

64. Empire's unlawful conduct is willful.

65. As a direct and proximate result of Empire's infringement, LMR has suffered and will continue to suffer loss of income, profits, and good will and Empire will continue to unfairly acquire income, profits, and good will.

## COUNT III

## FEDERAL UNFAIR COMPETITION

66. LMR repeats and re-alleges each and every allegation set forth in paragraphs 1 through 54 as though fully set forth herein.

67. Empire has adopted and used in U.S. commerce "EMPIRE FARMSTEAD BREWERY" to promote its beer, bar, and restaurant services. Empire's use of the EMPIRE FARMSTEAD BREWERY mark is likely to cause confusion, deception, or mistake in the marketplace because consumers are likely to believe there is a connection, affiliation, or sponsorship between LMR and Empire.

68. Upon information and belief, Distributor Defendants have promoted, offered for sale, and distributed products bearing Empire's EMPIRE FARMSTEAD BREWERY mark. Distributor Defendant's actions are likely to cause confusion, deception, or mistake in the marketplace because consumers are likely to believe there is a connection, affiliation, or sponsorship between LMR, Distributor Defendants, and Empire.

69. Defendants' activities complained of herein constitute unfair competition in violation of 15 U.S.C. § 1125(a) to the injury and detriment of LMR.

70. Defendants' unlawful conduct is willful.

71. As a direct and proximate result of Defendants' unfair competition, LMR has suffered and will continue to suffer loss of income, profits, and good will and Defendants will continue to unfairly acquire income, profits, and good will.

## COUNT IV

## COMMON LAW TRADEMARK INFRINGEMENT - BEER

72. LMR repeats and re-alleges each and every allegation set forth in paragraphs 1 through 54 as though fully set forth herein.

73. Empire has adopted and used in U.S. commerce "EMPIRE FARMSTEAD BREWERY" to promote its beer, bar, and restaurant services. Empire's use of the EMPIRE FARMSTEAD BREWERY mark is likely to cause confusion, deception, or mistake in the marketplace because consumers are likely to believe there is a connection, affiliation, or sponsorship between LMR and Empire.

74. Upon information and belief, Distributor Defendants have promoted, offered for sale, and distributed products bearing Empire's EMPIRE FARMSTEAD BREWERY mark. Distributor Defendant's actions are likely to cause confusion, deception, or mistake in the marketplace because consumers are likely to believe there is a connection, affiliation, or sponsorship between LMR, Distributor Defendants, and Empire.

75. Defendants' activities related to beer complained of herein constitute infringement of LMR's trademarks in violation of New York common law to the injury and detriment of LMR.

76. Defendants' unlawful conduct is willful. As a direct and proximate result of Defendants' infringement, LMR has suffered and will continue to suffer loss of income, profits, and good will and Defendants will continue to unfairly acquire income, profits, and good will.

## COUNT V

## COMMON LAW TRADEMARK INFRINGEMENT – RESTAURANT SERVICES

77. LMR repeats and re-alleges each and every allegation set forth in paragraphs 1 through 54 as though fully set forth herein.

78. Empire has adopted and used in U.S. commerce "EMPIRE FARMSTEAD BREWERY" to promote its beer, bar, and restaurant services. Empire's use of the EMPIRE FARMSTEAD BREWERY mark is likely to cause confusion, deception, or mistake in the marketplace because consumers are likely to believe there is a connection, affiliation, or sponsorship between LMR and Empire.

79. Empire's activities related to restaurant services complained of herein constitute infringement of LMR's trademarks in violation of New York common law to the injury and detriment of LMR.

80. Empire's unlawful conduct is willful.

81. As a direct and proximate result of Empire's infringement, LMR has suffered and will continue to suffer loss of income, profits, and good will and Empire will continue to unfairly acquire income, profits, and good will.

## COUNT VI

## COMMON LAW UNFAIR COMPETITION

82. LMR repeats and re-alleges each and every allegation set forth in paragraphs 1 through 54 as though fully set forth herein.

83. Empire has adopted and used in U.S. commerce "EMPIRE FARMSTEAD BREWERY" to promote its beer, bar, and restaurant services. Empire's use of the EMPIRE FARMSTEAD BREWERY mark is likely to cause confusion, deception, or mistake in the marketplace because consumers are likely to believe there is a connection, affiliation, or

sponsorship between LMR and Empire.

84. Upon information and belief, Distributor Defendants have promoted, offered for sale, and distributed products bearing Empire's EMPIRE FARMSTEAD BREWERY mark. Distributor Defendant's actions are likely to cause confusion, deception, or mistake in the marketplace because consumers are likely to believe there is a connection, affiliation, or sponsorship between LMR, Distributor Defendants, and Empire.

85. Defendants' actions constitute unfair competition in violation of New York common law to the injury and detriment of LMR.

86. Defendants' actions were undertaken in bad faith.

87. As a direct and proximate result of Defendants' unfair competition, LMR has suffered and will continue to suffer loss of income, profits, and good will and Defendants will continue to unfairly acquire income, profits, and good will.

WHEREFORE, LMR demands judgment and relief against Defendants and respectfully requests that this Court:

    A.    Find that Defendants have engaged in trademark infringement in violation of the laws of the United States;

    B.    Find that Defendants have engaged in unfair competition in violation of the laws of the United States;

    C.    Find that Defendants have engaged in trademark infringement in violation of New York common law;

    D.    Find that Defendants have engaged in unfair competition in violation of New York common law;

    E.    Enter judgment for LMR on all Counts of the Complaint;

F.  Permanently enjoin, restrain, and forbid Defendants, and all of Defendants' principals, servants, agents, representatives, shareholders, employees, affiliates, successors and assignees and all others acting in privity, concert, or participation with Defendants, from:

   (1)  imitating, copying, duplicating or otherwise making any use of LMR's trademarks, or any mark confusingly similar to or likely to dilute the distinctiveness of LMR's trademarks in any manner;

   (2)  using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to mistakenly believe that any product or service advertised, promoted, offered, sold, or rendered by Defendants is sponsored, endorsed, connected with, approved by, or authorized by LMR;

   (3)  engaging in any activity constituting unfair competition with LMR or with LMR's rights in, or to use, or to exploit the same;

   (4)  further using LMR's trademarks, or confusingly similar variations thereof, in or as a part of any advertising, marketing and/or media material, web page text, domain name, email or other communication;

   (5)  using LMR's trademarks as keywords, search words, meta-tags, as any part of a uniform resource locators, as any part of an email address, or as any part of the description of a web site in any submission for registration of any Internet site with a search engine or index; and

   (6)  assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in sub-paragraphs (1)-(5) above;

G. Direct Defendants to account for all products and materials bearing LMR's trademarks or any other marks confusingly similar to or likely to dilute the distinctiveness of LMR's trademarks, and to surrender all such products and materials to the Court for destruction;

H. Award LMR actual damages in an amount to be proved at trial and/or as otherwise provided by law;

I. Award LMR punitive damages;

J. Award LMR treble damages as provided for under the Lanham Act;

K. Order an accounting by Defendants of any profits derived in any way from Defendants' wrongful acts;

L. Award LMR prejudgment interest;

M. Award LMR reasonable attorney fees and costs of suit incurred herein; and

N. Award LMR any further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all of its claims and any other matters so triable.

Date: August 2, 2016                    Respectfully Submitted,

                                        DORSEY & WHITNEY LLP

                                        By /s/ Mark S. Sullivan
                                        Mark S. Sullivan
                                        51 West 52nd Street
                                        New York, New York 10025
                                        Tel. 212-415-9245
                                        sullivan.mark@dorsey.com

                                        **Attorneys for Plaintiff Long Meadow Ranch Partners, LP**